IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**MARGARET D. EDWARDS,**

      **Plaintiff,**

**v.**                                        **No. CIV 02-1443 BB/RHS**

**N. MARTIN STRINGER, JEFFERSON I. RUST, McKINNEY & STRINGER, et al., an Oklahoma corporation, RON LUCAS, AMY GRAY, JAMES SCARBOROUGH, GINA FISHER, CHERYL MUMFORD, STAGE STORES, INC., et al., a Texas corporation, and JOHN and JANE DOES 1-12,**

      **Defendants.**

## MEMORANDUM OPINION
## ON
## MOTION TO DISMISS

**THIS MATTER** is before the Court on the Defendants' Motion To Dismiss the Complaint [Doc. 15]. The Court having reviewed all the pleadings and entertained oral argument on May 19, 2003, finds the Motion well supported and it will be Granted.

### *Discussion*

After an interview, Stage Stores offered Plaintiff, Margaret Edwards, a supervisory position at their Bealls Department Store in Las Vegas, New Mexico. Shortly after she reported for work, Defendant Cheryl Mumford gave Plaintiff a W-4 form. Edwards responded that she considered the social security system voluntary and

she chose not to participate.  She therefore refused to disclose her social security number.  After being informed she could not work without a social security number, she disclosed the number but refused to sign a W-4.  She was then terminated and now sues Stage Stores and any and all its employees who had anything to do with her hiring, employment or termination for numerous violations of her "Citizen Rights and conspiracy in the furtherance thereof."

There can be little doubt Plaintiff has strongly held views with regard to income taxes and social security taxes.  Plaintiff believes her former employer, as well as the employees, supervisors, and attorneys for her former employer, must legally accept these views.  Plaintiff's suit must fail for at least two reasons.  Initially it must be noted that a party charged with the deprivation of civil rights must be a person who may be fairly said to be a governmental actor.  *See, e.g., Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Carey v. Continental Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987), *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999).  None of the Defendants have any direct governmental position or authority.  Plaintiff thus fails this test.

Moreover, Plaintiff is also wrong on the nature of social security.  The employer is legally bound to withhold and pay it over to the Internal Revenue Service.  *Payne v. Dixie Elec. Co.*, 330 S.E.2d 749 (Ga. App. 1985).  It logically follows that employees are subject to social security withholding:

> **With few exceptions, any employment or self-employment performed within the United States is covered for social security purposes. Thus, the income produced by that employment is subject to tax under the Federal Income Contributions Act ("FICA") or the Self-Employment Contributions Act (SECA). FICA taxes are imposed on both employees and employers on specific earnings.**

3 EMPLOYMENT COORDINATOR ¶ B-11,701 at 1; *Birt v. Consolidated Sch. Dist. No. 4*, 829 S.W.2d 538 (Mo. App. 1992). *Cf. United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200 (2001) (all wages subject to Social security withholding in the year and at the rate when actually paid).

The court was confronted with claims virtually identical to Plaintiff's in *Hilvety v. World of Powersports, Inc.*, 13 Fed. Appx. 427 (7th Cir. 2001). There, as here, the employee argued Social security withholding was voluntary and that the employer required the employee's permission to withhold it. The district court found the claim insubstantial and dismissed it. In affirming, the Seventh Circuit found plaintiff's "complaint is 'wholly insubstantial and frivolous' and therefore subject to dismissal for lack of jurisdiction." *Hilvety*, 13 Fed. Appx. at 428.

This was also the outcome in *Wilhelm v. United States*, 84-1 USTC 83,067 (E.D. Tex. 1983). Plaintiff therein argued his wages were not subject to withholding and that his employer had deprived him of his constitutional and civil rights in withholding wages for social security. The court found the employer had an absolute defense since 26 U.S.C. § 3402 required withholding. The court further found: "The plaintiff in this case

3

sued his employer in bad faith and with harassment in mind." *Wilhelm*, at 83,069. *See also Babcock v. KTVI-TV, Inc.*, 873 S.W.2d 293 (Mo. App. 1994).

Both *Hilvety* and *Wilhelm* are significant not only because they apply textbook law but because counsel for Defendants sent Plaintiff a copy of these cases before she filed this action. This Court is thus convinced Plaintiff's claims lack merit and would also assess the requested attorney's fees but for Plaintiff's production of and apparent reliance on the pleadings in *EEOC v. Information Systems Consulting, Inc.*, No. CA3-92-0169-T (N.D. Tex. 1992). In that case, the EEOC sued claiming the defendant employer had violated Title VII by discharging an employee who refused to obtain a social security number based on his religious belief it was the "sign of the beast." The EEOC apparently without judicial involvement forced a consent decree requiring the employer to request a waiver of any penalties pursuant to 26 U.S.C. § 6724. Such a consent decree has no value as legal precedent. *Martin v. Wilks*, 490 U.S. 755 (1989); *Langton v. Hogan*, 71 F.3d 930 (1st Cir. 1995). This Court therefore refuses to consider the *EEOC* case as persuasive in any respect. The case does, however, provide *pro se* Plaintiff a basis to escape the attorney's fees that would otherwise be levied for such a frivolous claim. *Fariello v. Rodriguez*, 148 F.R.D. 670 (E.D.N.Y.), *aff'd*, 22 F.3d 1090 (2d Cir. 1994).

For the above reasons, a Judgment will be entered dismissing Plaintiff's complaint with prejudice.

**Dated at Albuquerque this 5th day of August, 2003.**

                                           **BRUCE D. BLACK**
                                           **United States District Judge**

**Plaintiff *Pro Se*:**
      **Margaret D. Edwards, Las Vegas, NM**

**For Defendants:**
      **Patrick J. Rogers, MODRALL SPERLING ROEHL HARRIS & SISK, P.A., Albuquerque, NM**